**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0332n.06
Filed: April 28, 2005

No. 04-5993

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,    )
                 )
   **Plaintiff-Appellee,**    )   **ON APPEAL** FROM THE
                 )   UNITED STATES DISTRICT
v.                )   COURT FOR THE WESTERN
                 )   DISTRICT OF TENNESSEE
NICHOLAS DEVON GOFF,    )
                 )   **O P I N I O N**
   **Defendant-Appellant.**   )
                 )

**Before: NELSON and MOORE, Circuit Judges, and RESTANI,[*] Judge.**

**KAREN NELSON MOORE, Circuit Judge.** The facts of this case are not in dispute. *See*
Appellee Br. at 2. Defendant-Appellant Nicholas Devon Goff pleaded guilty to being a felon in
possession of a firearm in violation of 18 U.S.C. § 922(g). The probation office recommended that
Goff's sentence be computed using Base Offense Level 20, as the probation office concluded that
Goff's prior robbery conviction qualified as a crime of violence for purposes of U.S. SENTENCING
GUIDELINES MANUAL ("U.S.S.G.") § 2K2.1(a)(4)(A). Goff objected to this recommendation,
arguing that under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), whether his prior robbery
conviction qualified as a crime of violence was a fact that must be either admitted by him or proved

---

[*]The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

to a jury beyond a reasonable doubt.[1]  Because the jury was not asked to decide whether his robbery

conviction qualified as a crime of violence, Goff contended that his sentence should be calculated

using Base Offense Level 14, pursuant to U.S.S.G. § 2K2.1(a)(6), rather than Base Offense Level

20.

The district court denied Goff's objection, stating that it did not believe *Blakely* applied to

the U.S. Sentencing Guidelines ("Guidelines"):

> All right, let me state for the record — I've done this in every other case, so
> I need to do it in this case as well.  It's this court's judgment that the federal
> sentencing guidelines are still applicable.  Until a definitive opinion from the Sixth
> Circuit Court of Appeals or the U.S. Supreme Court tells me otherwise, I plan to
> continue following the guidelines.
> It is my prediction that the Supreme Court will distinguish the federal
> sentencing guidelines from the Washington state scheme found improper in *Blakely*
> or, alternatively, that one of the Supreme Court justices will change his or her mind
> in order to uphold the federal sentencing guidelines.  If I'm right on that, then none
> of mine will have to be resentenced.  *If I'm wrong on that, all of them will have to
> be resentenced*.  And I guess we'll just wait and see what the outcome is.

Joint Appendix ("J.A.") at 28 (Sentencing Hr'g) (emphasis added).  Goff appealed.  Following

submission of the parties' briefs, the U.S. Supreme Court issued its decisions in *United States v.

Booker*, 125 S. Ct. 738 (2005), and *Shepard v. United States*, 125 S. Ct. 1254 (2005).  We requested

letter briefs on the applicability of those two cases to Goff's appeal.

As an initial matter, we note that we remain bound by *Almendarez-Torres v. United States*,

523 U.S. 224 (1998), unless and until the Supreme Court decides to overrule that decision.  *See

United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005) ("Existing case law establishes that

*Apprendi* does not require the nature or character of prior convictions to be determined by a jury.").

---

[1]Conceding that this position is probably inconsistent with *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), Goff argued that *Almendarez-Torres* "will be revisited."  Joint Appendix ("J.A.") at 30 (Sentencing Hr'g).

As Goff does not contend that *Shepard* actually overrules the prior-conviction holdings of *Barnett* and *Almendarez-Torres,* Goff Letter Br. at 4, Goff's contention that his sentence was calculated using the wrong Base Offense Level must fail in this court.

Goff also contends in his letter brief that, under *Barnett*, the district court plainly erred by applying the Guidelines as if they were mandatory. We agree. *See Barnett*, 398 F.3d at 525-31. The record contains no "clear and specific evidence" that the district court would have imposed an equal or greater sentence under an advisory Guidelines regime. *United States v. Webb*, --- F.3d ---, 2005 WL 763367, at *7 (6th Cir. Apr. 6, 2005). Indeed, the district judge's comments suggest that he was merely sentencing Goff in the middle of the applicable Guidelines range, and he might have sentenced differently were he faced with a different set of sentencing options. *See* R. 37 at 8 ("So I'm going to arrive at a sentence somewhere near the middle of the range.") (Sentencing Hr'g). Accordingly, we **VACATE** Goff's sentence and **REMAND** the case to the district court for further proceedings not inconsistent with this opinion.